UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TERRY REEDER,

      Plaintiff,

v.

UNKNOWN BENOIT

      Defendant.
_____/

Case No. 2:23-cv-242

Honorable Maarten Vermaat

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) The Court previously stayed proceedings in this case and referred it to the Prisoner Civil Rights Litigation Early Mediation Program. (ECF No. 4.) Early mediation was conducted on August 22, 2024, but the case did not settle. (ECF No. 11.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

2

from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss, for failure to state a claim, the following claims against Defendant Benoit: (1) Plaintiff's claims for declaratory relief; (2) Plaintiff's Fourteenth Amendment claims; and (3) Plaintiff's claims pursuant to the Prison Rape Elimination Act (PREA).

The following claims for damages remain: (1) Plaintiff's First Amendment claim; and (2) Plaintiff's Eighth Amendment sexual assault claim.

## Discussion

### I.     Factual Allegations

Plaintiff Terry Reeder is currently incarcerated by the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

events of which he complains occurred, however, during Plaintiff's prior incarceration at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Unknown Benoit.

Plaintiff alleges that on November 16, 2022, Defendant Benoit opened his cell door during rounds and observed Plaintiff masturbating. (Compl., ECF No. 1, PageID.2.) Defendant Benoit stated, "That's all you got?" (*Id.*) He then issued Plaintiff a misconduct for unauthorized phone use. (*Id.*)

The next day, Plaintiff was lying on his bunk when Defendant Benoit entered his cell, grabbed Plaintiff's penis, and asked to see Plaintiff's buttocks. (*Id.*) Plaintiff told Defendant Benoit that he was not gay and that he did not "play like that." (*Id.*) Defendant Benoit told Plaintiff that he would make the misconduct ticket go away. (*Id.*) Plaintiff yelled, "I ain't showing shit, get out of my room." (*Id.*) Defendant Benoit told Plaintiff that he would regret it. (*Id.*)

On November 22, 2022, Plaintiff's therapist sent him to talk to the Prison Rape Elimination Act (PREA) personnel after Plaintiff told her about the incident. (*Id.*) On November 23, 2022, non-party Nurse Mast gave Plaintiff some pain medication because his genitals were sore after Plaintiff pulled his penis from Defendant Benoit's hand. (*Id.*) Plaintiff saw his therapist again that day. (*Id.*, PageID.3.)

On November 24, 2022, Defendant Benoit was making rounds and yelled, "If that d*** sucker in 344 come out he's going to the hole." (*Id.*) Plaintiff states that his cell was 344 and that he stayed in because of the threat. (*Id.*)

On December 4, 2022, Plaintiff tried to talk to the PREA coordinator, but alleges that he refused to talk to Plaintiff. (*Id.*)

4

On December 8 and 9, 2022, Defendant Benoit taunted Plaintiff during his shifts, telling Plaintiff to "get that nice ass over here. I love a nice ass on a man." (*Id.*)

On December 12, 2022, Plaintiff was taking a shower. (*Id.*) When he came out and started walking up the stairs, Defendant Benoit asked Plaintiff if he had "cleaned [his] ass good for him" and told Plaintiff that he would be back. (*Id.*)

Plaintiff was removed from the Marquette Housing Unit on January 27, 2023. (*Id.*) On February 6, 2023, Defendant Benoit worked first shift in Plaintiff's new housing unit. (*Id.*) Plaintiff avers that at that time, he was on toplock sanctions and could not go to the bathroom without staff authorization. (*Id.*) During rounds, Plaintiff and his cellmate asked Defendant Benoit if they could use the bathroom. (*Id.*) Defendant Benoit told Plaintiff's cellmate that he could but told Plaintiff that he could not, stating, "You can't get away from me we are lovers for life." (*Id.*) Plaintiff had to wait for another officer to get permission to use the bathroom. (*Id.*)

Plaintiff filed a PREA complaint on November 20, 2022. (*Id.*, PageID.4.) He filed a second PREA complaint on November 23, 2022. (*Id.*) Plaintiff filed a third PREA complaint on December 13, 2022. (*Id.*) On January 31, 2023, Plaintiff "received a Prisoner Notification of Sexual Abuse and Sexual Harassment Investigative Findings and Action report indicating that the PREA related finding was not substantiated." (*Id.*)

Plaintiff indicates that he is asserting claims under the Eighth and Fourteenth Amendments. (*Id.*, PageID.1.) He also indicates that he is asserting claims for violations of the PREA. (*Id.*) Plaintiff's complaint can also be construed to assert First Amendment retaliation claims against Defendant Benoit. He seeks declaratory relief, as well as damages. (*Id.*, PageID.4–5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

5

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims for Declaratory Relief

As noted above, Plaintiff seeks declaratory relief against Defendant Benoit. Plaintiff, however, is no longer incarcerated at URF, where he alleges Defendant Benoit is employed and where the harm allegedly occurred.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained). Underlying this rule is the premise that such relief is appropriate only where a plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Plaintiff is now incarcerated at SRF and has not alleged facts that would show he would be subject to further future conduct by Defendant Benoit. Consequently, the Court will dismiss Plaintiff's claims for declaratory relief.

### B. Claims for Damages

#### 1. First Amendment Retaliation

The Court has construed Plaintiff's complaint to assert a First Amendment retaliation claim against Defendant Benoit. Plaintiff alleges that after he spoke to PREA personnel regarding the sexual abuse by Defendant Benoit, Defendant Benoit threatened to have Plaintiff thrown in the

7

"hole," continued to sexually taunt Plaintiff, and refused Plaintiff's request to use the bathroom while Plaintiff was on toplock.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Although Plaintiff has by no means proven retaliation, viewing the allegations in the complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff's First Amendment retaliation claims may not be dismissed on initial review.

### 2. Eighth Amendment Sexual Assault Claims

Plaintiff alleges that on November 17, 2022, Defendant Benoit entered Plaintiff's cell, grabbed Plaintiff's penis, and asked to see Plaintiff's buttocks. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges further that on December 8 and 9, 2022, Defendant Benoit taunted Plaintiff during his shifts, telling Plaintiff to "get that nice ass over here. I love a nice ass on a man." (*Id.*, PageID.3.) On December 12, 2022, after Plaintiff came out of the showers and was walking up the stairs, Defendant Benoit asked Plaintiff if he had "cleaned [his] ass good for him" and told Plaintiff that he would be back. (*Id.*) Finally, on February 6, 2023, Defendant Benoit told Plaintiff, "You can't get away from me we are lovers for life." (*Id.*)

8

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, the United States Court of Appeals for the Sixth Circuit Court has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Rafferty*, 915 F.3d at 1095 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)). In contrast, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying. *Id.* at 1095–96.

Here, taking Plaintiff's factual allegations as true and in the light most favorable to him, the Court may not dismiss Plaintiff's Eighth Amendment claim against Defendant Benoit on initial review.

### 3. Fourteenth Amendment Claims

Plaintiff indicates that he is asserting a Fourteenth Amendment claim against Defendant Benoit, but provides no further detail in support of his assertion. (Compl., ECF No. 1, PageID.1.) The Court construes Plaintiff's reference to the Fourteenth Amendment to assert a substantive due process claim against Defendant Benoit.

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard*

9

*v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Here, Plaintiff does not allege any facts showing the sort of egregious conduct that would support a substantive due process claim.

Moreover, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, the First and Eighth Amendments apply to Plaintiff's claims. Accordingly, any intended Fourteenth Amendment substantive due process claim will be dismissed.

    **4. PREA Claims**

Plaintiff indicates that he is asserting claims for violations of the PREA itself. (Compl., ECF No. 1, PageID.4.) Plaintiff, however, "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL

4104163, at *2 (W.D. Ky. Aug. 19, 2014))). Accordingly, any claims for violation of the PREA will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss, for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the following claims: (1) Plaintiff's claims for declaratory relief; (2) Plaintiff's Fourteenth Amendment claims; and (3) Plaintiff's claims pursuant to the PREA.

The following claims for damages remain in the case: (1) Plaintiff's First Amendment claim; and (2) Plaintiff's Eighth Amendment sexual assault claim.

An order consistent with this opinion will be entered.

Dated: September 10, 2024 /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge

11